UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-21175-COOKE/DAMIAN

ALEX VAZQUEZ,

    Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON
DEFENDANT'S UNOPPOSED MOTION TO REMAND [ECF NO. 16]
AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 14]**

THIS CAUSE is before the Court on Defendant's Unopposed Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Remand of the Cause to the Commissioner, filed November 18, 2022, [ECF No. 16] (the "Motion to Remand"), and Plaintiff's Motion for Summary Judgment, filed October 25, 2022, [ECF No. 16]. This matter was referred to the undersigned by the Honorable Marcia G. Cooke, United States District Judge, for a Report and Recommendation. [ECF No. 3]. *See* 28 U.S.C. § 636(b)(1)(B).

The undersigned has considered the Motion to Remand, the pertinent portions of the record, and all relevant authorities and is otherwise fully advised in the premises. The undersigned notes that Plaintiff has no objection to the Motion to Remand.

**DISCUSSION**

Plaintiff, Alex Vazquez, filed the Complaint in this matter on April 15, 2022. [ECF No. 1]. Defendant filed an Answer on July 22, 2022. [ECF No. 9]. The Court entered a

Scheduling Order on July 27, 2022. [ECF No. 11]. On October 25, 2022, Plaintiff filed his Motion for Summary Judgment. [ECF No. 14]. On November 18, 2022, Defendant filed the unopposed Motion to Remand now before the Court. [ECF No. 16]. Defendant's Motion to Remand indicates as follows:

> The Commissioner respectfully requests that the Court enter a judgment remanding this cause to the Commissioner for further action. On remand, the Appeals Council will instruct the Administrative Law Judge to further evaluate the opinion evidence, further evaluate the residual functional capacity, obtain supplemental evidence from a vocational expert, and issue a new decision.

*Id.* at 3. As mentioned above, Defendant's Motion to Remand is unopposed.

Sentence four of Section 405(g) provides that the Court "shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

Based on Defendant's Motion, and noting no objection thereto, the undersigned finds that a remand to the Commissioner is appropriate in this matter.

## RECOMMENDATION

Based on the foregoing, the undersigned respectfully recommends that Defendant's Unopposed Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Remand of the Cause to the Commissioner [ECF No. 16] be **GRANTED**; the Commissioner's decision be **REVERSED**; and this case be **REMANDED** to the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

The undersigned further recommends that the Court order that, on remand, the Appeals Council be directed to instruct the Administrative Law Judge to further evaluate the opinion evidence; further evaluate Plaintiff's residual functional capacity; obtain supplemental evidence from a vocational expert, if warranted; take any other action necessary to complete the administrative record; and issue a new decision.

Finally, in light of the parties' agreement to remand the case for further proceedings, the undersigned further recommends that Plaintiff's Motion for Summary Judgment [ECF No. 14] be **DENIED AS MOOT**.

The parties will have **fourteen (14) days** from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Marcia G. Cooke, United States District Judge. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 9th day of January, 2023.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. Marcia G. Cooke, *U.S. District Judge*
Counsel of Record